**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **EMILIO R. PAVON,** | ) | **CASE NO. 4:07CV3021** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NORFOLK POLICE DEPARTMENT,** | ) | |
| **and CHAP LEON, Capt., sued in his** | ) | |
| **official and individual capacities.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

On January 22, 2007, the plaintiff, a prisoner, filed a pro se complaint against the

Norfolk Police Department and the department's captain, Chap Leon.   Filing No. 1.  The

plaintiff was given leave to proceed and is pursuing this litigation in forma pauperis.  See

filing no. 5.

The factual allegations of the plaintiff's initial complaint, set forth hereafter in their

entirety, include:

> On or about February the 20th 2006, I was manhandle[d] by the Norfolk
> police department, where I sustained a neck and back injury d[ue] to
> exsesive [sic] force, while in handcuffs and not representing any threat or
> danger.

Filing No. 1, p. 4.   The plaintiff requests compensation for his bodily injury and pain and

suffering.  Filing No. 1, p. 5.

The court conducted an initial review of the plaintiff's pro se complaint on March 26,

2007.  Filing No. 9.  The initial review order advised the plaintiff that a claim against the

Norfolk Police Department was actually a claim against the City of Norfolk, Nebraska.  As

to plaintiff's claim against Police Captain Chap Leon, the order explained that when a

complaint fails to specify whether the named defendants are sued in their "individual

capacity," "official capacity," or both, the law presumes the defendant is sued only in an official capacity.  The order further clarified that a City is liable under 28 U.S.C. § 1983 only if the City's alleged civil rights violations resulted from a "custom" or "policy" of the City, and that an employer cannot be held vicariously liable for constitutional injuries inflicted by employees or other persons.  The plaintiff was given leave to file an amended complaint. Filing No. 9.

The plaintiff filed a supplement to his complaint on April 2, 2007.  That supplement, set forth hereafter in its entirety, states:

> The defendant, Chapman Leon, who is Employed as capatain [sic] for the Norfolk Police Department in the City of Norfolk, Nebraska.  Is here by intended to be sued in his official and individual capacities.

Filing No. 10.

## SUA SPONTE REVIEW

Since the plaintiff is pursuing this case in forma pauperis, his lawsuit is subject to the court's continuing sua sponte review under 28 U.S.C. § 1915(e)(2).   28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
>
> (B)     the action or appeal--
>
> (i)      is frivolous or malicious;
>
> (ii)     fails to state a claim on which relief may be granted; or
>
> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

2

Pursuant to 28 U.S.C. §§ 1915(e)(2), the court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate, and must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must construe the allegations of a complaint in the light most favorable to the plaintiff. See Goodroad v. Bloomberg, 1997 WL 633078, *1 (8th Cir. 1997)(affirming dismissal of pro se prisoner complaint with prejudice upon review under 28 U.S.C. § 1915(e)(2)(B)(ii)(citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(applying Fed.R.Civ.P.12(b)(6) standard of review to section 1915(e)(2)(B)(ii) dismissal) and Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994)(applying Rule 12(b)(6) standard of review)). Though a pro se plaintiff's complaint must be liberally construed, irrespective of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). Where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke v. North Dakota Dept. of Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002).

The plaintiff's complaint does not identify any City custom or policy that resulted in the police department's alleged use of excessive force on February 20, 2006. The plaintiff's complaint, as supplemented, therefore fails to state a claim against the City of Norfolk (the Norfolk Police Department), or Chap Leon, in his official capacity.

As to the plaintiff's claim against Chap Leon in his individual capacity, "[i]t is well settled that § 1983 does not impose respondeat superior liability." Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006).  To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury.  Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).  The plaintiff's complaint, as supplemented, does not allege that Captain Leon personally used any force against the plaintiff, that he failed to train or supervise those officers who allegedly used excessive force, or that he failed to protect the plaintiff from the officers' actions.

The plaintiff has failed to state a § 1983 claim against City of Norfolk, Nebraska (the Norfolk Police Department), or Chap Leon in his official and individual capacity.  The plaintiff's complaint must be dismissed.[1]

IT IS ORDERED that:

1.      The plaintiff's claims against the defendants, the Norfolk Police Department, and Chap Leon in his official and individual capacity are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2.      The Motion to Dismiss filed by the defendants , (filing no. 18), is denied as moot;

---

[1]Since the plaintiff's complaint is dismissed under 28 U.S.C. §  1915(e)(2)(B)(ii), the court need not reach the Eleventh Amendment constitutional issue raised in the defendants' motion to dismiss.  Filing No. 18.  The court notes, however, that "[w]hile Eleventh Amendment immunity extends to states and arms of the state, it does not extend to local governments.  The question whether a particular state agency is an arm of the state, and therefore one of the United States within the meaning of the Eleventh Amendment, is a question of federal law." Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082 (8th Cir. 2006).  The defendants' brief does not address any basis for concluding that the City of Norfolk is an "arm" or "alter ego" of the State of Nebraska and therefore entitled to Eleventh Amendment immunity.   See Moor v. County of Alameda, 411 U.S. 693, 717-19 (1973).

3.    There being no remaining claims alleged in the plaintiff's complaint as supplemented, (filing nos. 1 & 10), the above-entitled case is dismissed with prejudice; and

4.    Judgment will be entered in accordance with this Memorandum and Order.


DATED this 29th day of October, 2007.


                        BY THE COURT:


                        s/Laurie Smith Camp
                        United States District Judge